IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GORDON LAAKSO,

Plaintiff,

v.

OFFICER "MS. BLUEM",

Defendant.

OPINION AND ORDER

26-cv-415-wmc

---

Plaintiff Gordon Laakso, who is representing himself while incarcerated at Jackson Correctional Institution, has filed a complaint under 42 U.S.C. § 1983 against a correctional officer identified as "Ms. Bluem." (Dkt. #1.) Plaintiff alleges that Bluem violated his rights by supervising a phone call with his criminal defense counsel. Because plaintiff is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Although a self-represented litigant's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), plaintiff's vague allegations do not comply with Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Therefore, to avoid dismissal of this lawsuit, plaintiff will need to submit an amended complaint that corrects the deficiencies identified below.

## OPINION

Plaintiff alleges that on an unspecified occasion, defendant violated his "First, Sixth,

and Fourteenth Amendment" rights by sitting in on a phone call with his criminal appellate attorney. When plaintiff asked defendant to leave the room so that he could consult privately with his attorney, defendant replied that she had been ordered to sit in. As a result of the alleged intrusion, plaintiff claims he was unable to provide his attorney with the names of defense witnesses or the whereabouts of key evidence to aid in his defense, which harmed his appeal.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

Plaintiff's allegations are vague as to the date the phone call occurred. The location where the phone call took place is similarly unclear, although the complaint suggests that it may have occurred at Jackson Correctional Institution. In addition, plaintiff does not provide any information about the criminal proceeding that he was seeking to challenge on appeal. He further fails to identify the witnesses or the evidence that he believes was central to his appeal and he does not otherwise explain what claim or claims he was prevented from raising. To the

extent that plaintiff may be claiming that defendant interfered with his right to access to the courts, a plaintiff must allege that "he was, or is, suffering an 'actual injury' by being 'frustrated' or 'impeded' in bringing a non-frivolous claim regarding his criminal conviction, sentence or conditions of confinement." *DeBauche v. Wisconsin Dep't of Corr.*, No. 17-cv-454-wmc, 2021 WL 2860983, at *3 (W.D. Wis. July 8, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996)). This requires a plaintiff to identify the specific underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). Because the current complaint fails to provide more than thread-bare allegations, it must be dismissed for failure to comply with Rule 8.

The Seventh Circuit has cautioned against dismissing a self-represented plaintiff's case without giving the plaintiff a chance to amend. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). The court will grant plaintiff a 30-day window to file an amended complaint. To comply with Rule 8, plaintiff must provide notice to defendant of what she is accused of doing, as well as when and where the complained of actions occurred, and the nature and extent of any damage or injury the actions caused. Plaintiff is advised that any amended complaint will be screened under 28 U.S.C. § 1915(e)(2)(B), and that any failure to respond will result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

## ORDER

IT IS ORDERED that:

1) Plaintiff Gordon Laakso is DENIED leave to proceed, and his complaint (dkt. #1) is DISMISSED without prejudice, for failure to meet the pleading requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff has until **September 28, 2026** to file an amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8. Plaintiff's failure to file an amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered the 27th day of August, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge